UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x

UNITED STATES OF AMERICA,

        -against-

NEIL DUSSARD,

                   Defendant.

------------------------------------ x

MEMORANDUM DECISION
AND ORDER

16 Crim. 673-2 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant, *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), due to his particular medical conditions, family circumstances, and the COVID-19 pandemic. (Mot. for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Compassionate Release Mot."), ECF No. 164.) The Government opposes Defendant's motion. (*See* Letter dated October 5, 2020 ("Gov't Opp'n"), ECF No. 166.) Defendant is serving a sentence of 84 months' imprisonment after pleading guilty to conspiracy to commit Hobbs Act robbery and using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 924(c)(1)(A)(i), respectively.[1] (*See* J. in a Crim. Case, ECF No. 116.) The Second Circuit recently affirmed Defendant's conviction. *Dussard*, 967 F.3d at 158–59. Defendant is currently incarcerated at FCI Allenwood's medium security facility and is expected to be released on October 19, 2022.

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the

---

[1] Though Defendant's judgment indicates that Defendant pled guilty under Count Three to "[p]ossession of firearm in furtherance of narcotics conspiracy," Defendant actually pled guilty on Count Three to using and carrying a firearm during and in relation to a crime of violence. (*See* Plea Hearing Tr. dated July 25, 2017, ECF No. 50, at 7, 14.) *See also United States v. Dussard*, 967 F.3d 149, 152–54 (2d Cir. 2020).

unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).[2] Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Specifically, the Application Notes to United States Sentencing Guidelines § 1B1.13 describe the circumstances that qualify as "extraordinary and compelling reasons" to justify a reduced sentence, which broadly relate to the defendant's medical condition, age, and family circumstances. U.S.S.G. § 1B1.13, Appl. Note 1(A)–(C). As relevant here, a medical condition qualifies as an extraordinary and compelling reason where the defendant has demonstrated that he is "suffering from a serious physical or medical condition," is "suffering from a serious functional or cognitive impairment," or is "experiencing deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Appl. Note 1(A)(ii). Family circumstances are considered "extraordinary and compelling" in two specific instances: (1) "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" and (2) "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, Appl. Note 1(C). The Application Notes also provide a catchall condition for "an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, Appl. Note 1(D). Additionally, the defendant

---

[2] A court may only afford relief under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. 3582(c)(1)(A). The parties do not dispute that Defendant has satisfied this procedural requirement.

must not be "a danger to the safety of any other person or to the community." *Id.* § 1B1.13(2).

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). Defendant has failed to meet this burden.

Defendant is a 44-year-old man who claims to suffer from diabetes and PTSD, the latter of which is the result of his involvement in a fatal traffic accident in 1993. (Compassionate Release Mot. at 6.) Moreover, he is allegedly experiencing "extreme stress based on his fear of contracting COVID-19, with his risk factors, and not surviving the disease." (*Id.* at 7.) None of these medical conditions meet the standard set forth in Application Note 1(A), because, at a minimum, Defendant has not demonstrated that they have substantially diminished his ability to provide self-care and that he is not expected to recover from such conditions. Moreover, Defendant's medical records do not support his claim that he suffers from diabetes. His records indicate that he has some risk factors for diabetes, such as family history, but expressly state that he has not been diagnosed with diabetes. (*See* Gov't Opp'n, Ex. A, at 8–9.)

Defendant's family circumstances also do not present adequate reason for release. Defendant explains that two of his children "have respiratory problems" and his wife "has serious heart problems." (Compassionate Release Mot. at 8.) Defendant offers nothing further. Plainly, Defendant has not provided this Court reason to conclude that the caregiver of his children or his spouse, which may be one and the same, is incapacitated, as is required to find that family circumstances present extraordinary and compelling circumstances.

Defendant also argues that the COVID-19 pandemic, combined with his particular medical

vulnerabilities and the inability of FCI Allenwood to protect him, present an extraordinary and compelling reason for release. Defendant, however, has no medical vulnerabilities that would place him at heightened risk for contracting COVID-19 or suffering severe illness should he contract COVID-19. Though CDC guidance indicates that diabetes may render an individual at such an increased risk, *see Coronavirus Disease 2019 (COVID-19) – People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated October 16, 2020), as discussed, Defendant's medical records do not reflect a diabetes diagnosis.

Moreover, Defendant makes limited specific allegations about his experience at FCI Allenwood, which do not lead this Court to conclude that his circumstances at this facility give rise to extraordinary and compelling reasons for release. Defendant contends that "a number of correctional officers refuse to wear their face masks" when interacting with prisoners. (Compassionate Release Mot. at 21.) He also relies on generalized arguments about prison conditions, including the inability to socially distance and the allegation that the ventilation system insufficiently circulates air throughout the facility. (Compassionate Release Mot. at 21.) As of October 22, 2020, FCI Allenwood reports 20 confirmed active cases of COVID-19 among inmates and 11 such cases among staff. *See COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last updated October 22, 2020). While the facility has certainly not been immune to the virus, the Government notes that steps have been taken to mitigate the risk of exposure to other inmates, including placing Defendant in quarantine in a locked down unit. (Gov't Opp'n at 6.) Defendant was also tested for COVID-19 as part of mass testing conducted at the facility and tested negative as recently as September 23, 2020. (*Id.*; Gov't Opp'n, Ex. A, at 19.)

With no medical conditions that render him vulnerable to serious complications from

4

COVID-19, Defendant's argument is reduced to a request that this Court find that any individual who is held at FCI Allenwood is experiencing extraordinary and compelling circumstances warranting release. That conclusion is not warranted, especially considering the BOP's ongoing efforts to combat the threat posed by COVID-19 at its facilities, including FCI Allenwood. (*See* Gov't Opp'n at 6.)

Defendant has not set forth an "extraordinary and compelling" reason that he is entitled to a reduction of his sentence.[3] Defendant's request for compassionate release is DENIED.[4]

The Clerk of Court is hereby directed to close the motions at ECF No. 164 and 168.

Dated: October 23, 2020
New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge

---

[3] Defendant also appears to argue that extraordinary and compelling reasons exist under Application Note 1(B), which focuses on the age of the defendant. (*See* Compassionate Release Mot. at 7.) Application Note 1(B) captures circumstances where the defendant (i) is at least 65 years old, (ii) is experiencing a serious deterioration in physical or mental health because of the aging process, and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less. U.S.S.G. § 1B1.13, Appl. Note 1(B). Defendant, however, is 44 years old. (*Id.*) That fact, alone, ends the inquiry.

[4] Defendant also requests that he be appointed counsel for purposes of this motion (*See* Compassionate Release Mot. at 22; Mot. for Appointment of Counsel Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 168.) The Second Circuit has "determined that there is no statutory right to counsel under the Criminal Justice Act in connection with a § 3582(c) motion, and that the provision of counsel for such motions should rest in the discretion of the district court." *United States v. Cirineo*, 372 F. App'x 178, 179 (2d Cir. 2010) (citing *United States v. Reddick*, 53 F.3d 462, 464-65 (2d Cir. 1995)). The apparent merits of the motion should be considered a "significant factor in the exercise of that discretion." *Reddick*, 53 F.3d at 465 n.2. Defendant's motion for compassionate release fails to offer any suggestion of merit. Accordingly, his application for appointment of counsel is denied.