UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x

UNITED STATES OF AMERICA,

    -against-

NEIL DUSSARD

                            Defendant.

------------------------------------------x

MEMORANDUM DECISION
AND ORDER

16 Cr. 673-2 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant Neil Dussard moves for an Order, pursuant to 18 U.S.C. § 3583(e), terminating the remaining period of his supervised release. For the reasons set forth below, Defendant's motion for early termination of his supervised release is DENIED.

## I. FACTUAL BACKGROUND

On July 25, 2017, Defendant Neil Dussard pled guilty to conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951, and using and carrying a firearm during and in relation to a crime of violence, Id. § 924(c)(1)(A)(i). On March 15, 2018, this Court sentenced Defendant to a total of 84 months' imprisonment and imposed a five-year term of supervised release. Defendant's five-year term of supervised release is set to expire on October 18, 2027.

Defendant, proceeding *pro se*, now moves for early termination of his term of supervised release on the grounds that he has "completed every condition required for . . . supervised release" and has "fully reintegrated into society." (Mot. For Early Termination of Supervised Release ("Mot."), ECF No. 207, at 3.) The Government and Probation oppose the motion. (*See* Gov't Opp. to Mot. ("Opp."), ECF No. 208, at 3.)[1]

---

[1] Defendant claims that his "probation officer does not oppose this motion." (Mot. at 2.) When contacted by this Court to confirm their position, Probation stated that they do not support early termination of Defendant's term of supervised release and have not represented to the Defendant anything to the contrary.

## II. LEGAL STANDARDS

Pursuant to 18 U.S.C. 3583(e)(1), a district court may terminate a term of supervised release at any time after the defendant has spent one year on supervised release if, after considering the factors set forth in section 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The Second Circuit has held that "changed circumstances—for instance, exceptionally good behavior by the defendant"—may warrant early termination of supervised release. *U.S. v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997). And while a district court is not "require[ed] to make a finding of new or changed circumstances," *United States v. Parisi*, 872 F.3d 343, 347 (2d Cir. 2016) (per curiam), "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *U.S. v. Bouchareb*, 76 F.Supp.3d 478, 479 (S.D.N.Y. 2014) (quoting *United States v. Flores*, No. 99-CR-1110, 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010)).

## III. EARLY TERMINATION OF SUPERVISED RELEASE IS NOT WARRANTED

Defendant argues that this Court should terminate the remainder of his term of supervised release because he has "remain[ed] in . . . full compliance with all terms of supervision," maintained steady employment since his release, and achieved a stable family life. (Mot., at 3.) The Government counters that while Defendant has been "mostly compliant with his terms of supervision," he has previously "failed to appear for required drug testing on three occasions in 2023." (Opp., at 3.) The Government also contends that Defendant's motion includes numerous inaccurate statements, including Defendant's claim that his probation officer does not oppose his motion. (*Id.*)

Even assuming that Defendant's submissions to this Court were entirely truthful, the Defendant has not demonstrated any exceptional circumstances to warrant an early termination of his supervised release. While this Court is pleased that Defendant maintained a good record while

incarcerated and appears to have adjusted well to supervised release, "full compliance with the terms of supervised release is what is expected of him . . . and does not warrant early termination." *U.S. v. Rasco*, No. 88-CR-817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000). Further, Defendant has failed to point to any additional facts or considerations that would change this Court's careful consideration of the section 3553(a) factors when it imposed the original sentence.

Accordingly, this Court concludes that early termination of Defendant's term of supervised release is not warranted at this time.

## IV.   CONCLUSION

Defendant's motion for early termination of supervised release is DENIED without prejudice to raising such a request at some future date. The Clerk of Court is directed to close the motion accordingly.

Dated: September 23, 2025
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3